IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -8 2020

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

James B. Remington, Applicant,

v.

Bureau
Bureau of Prisons-US.Gov, Respondent.
(Name of warden, superintendent, jailer, or other custodian)

*(Note: If you are attacking the validity of a state conviction or sentence and not the execution of your sentence, you must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. If you are attacking the validity of a judgment entered in a federal court, you must file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)*

---

APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

---

NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

A.   APPLICANT INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

James B. Remington-BOP-80124-038
(Applicant's name, prisoner identification number, and complete mailing address)

P.O. Box 8500 Florence CO, 81226- ADX/Max

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
___ Convicted and sentenced state prisoner
_✓_ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

**B.   RESPONDENT INFORMATION**

BOP-Government? First Step Act Goodtime
(Respondent's name and complete mailing address)

**C.   STATEMENT OF CLAIMS**

*State clearly and concisely every claim you are asserting in this action. For each claim, specify the right that allegedly has been violated and all facts that support your claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "C. STATEMENT OF CLAIMS."*

CLAIM ONE: The BOP is refusing to recalculate my sentence under the First Step Act—they owe 175 days.
Supporting facts: My enclosed attempts to have it done. Also to be given 1-year in a halfway house as is the rule for persons who have been in for this long. 25ys with no place to go.

### D. PRIOR APPLICATIONS

Have you ever filed a lawsuit, other than this lawsuit, in any federal court in which you raised or could have raised the claim(s) raised in this action? ___ Yes √ No *(check one)*.

*If your answer is "Yes," complete this section of the form. If you have filed more than one prior application, use additional paper to provide the requested information for each prior application. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "D. PRIOR APPLICATIONS."*

Name and location of court: _____

Case number: _____

Type of proceeding: _____

List the claim(s) raised: _____

Date and result: (Attach a copy of the decision if available) _____

Result on appeal, if appealed: _____

### E. ADMINISTRATIVE REMEDIES

*WARNING: You must exhaust administrative and/or state remedies before filing an action in federal court pursuant to 28 U.S.C. § 2241. Your case may be dismissed if you have not exhausted administrative and/or state remedies. If additional space is needed to explain exhaustion, use extra paper to do so. Please indicate that additional paper is attached and label the additional pages regarding exhaustion as "E. ADMINISTRATIVE REMEDIES."*

Explain the steps you have taken to exhaust administrative and/or state remedies:

All Enclosed Administrative Remedies

3

F. **REQUEST FOR RELIEF**
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

the addition of 175 days that the 25% sentence Law done requires from the ruling set forth in the first step act. Be given 1-year in a halfway house.

G. **APPLICANT'S SIGNATURE**

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this application: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the application otherwise complies with the requirements of Rule 11.

_____
(Applicant's signature)

4-5-2020
(Date)

(Form Revised December 2017)

4

**U.S. DEPARTMENT OF JUSTICE**          **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Remington D    80124-038    11-1-19    ADX
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** Before the First Step Act became law the BOP was only giving prisoners 47 days of GCT for each year instead of the full 54 days. The First Step Act signed into law on December 21, 2018 now requires the BOP to award prisoners such as myself with the full 54 day of GCT. I am serving a 25 year sentence for Armed Bank Robbery and Based on the First Step Act i am owed 7 days of GCT for each year of my incarceration, which is a total of 175 day of GCT. This will change my release date and make me eligible for the halfway house as well. And according to a July 2019 Department of Justice Press Release on behalf of the BOP the Bureau of Prisons has already officially applied the 7 days of Good Conduct time (GCT) to 3,100 prisoners who will be released soon.

Therefore i have two requests. The first one is that the BOP deduct 175 days off my current release date as required by the First Step Act. And the second one is that when this is done that the paperwork be started by my unit team to place me in the halfway house to increase my chances at success when i re-enter back in society as i don't have any remaining family living in Mass (Boston) and my release date would be in 2021 because i would like to be successful.

see BP-8 Attached

DATE                          SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received
**NOV 1 3 2019**
Admin Remedy Office

---

DATE             WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your ~~appeal must be~~ received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: 995122-F2

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO    UNIT    INSTITUTION

SUBJECT: _____

RECIPIENT'S SIGNATURE

FPI-PEPR    PRINTED ON RECYCLED PAPER         BP-229(13) APRIL 1982

**U.S. Department of Justice**　　　　　　　　　　　　　　　　**Regional Administrative Remedy Appeal**
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Remington James D__  __80124038__  __F__  __ADX__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A - REASON FOR APPEAL** Before the 1st step Act became law the BOP was only giving prisoners 47 days of GCT for each year instead of the full 54 days. The First step Act signed into law on December 21, 2018 now requires the BOP to award prisoners such as myself with the full 54 days of Good time for each year served. I am serving a 25 year sentence for Armed Bank Robbery and based on the first step Act i am owed 7 days of Good time for each year of my incarceration. which is a total of 175 days of GCT. My (PRD) is February 2, 2022 but with the 7 days of good time totalling 175 my (PRD) is suppose to be in July of 2021 but the BOP have not deducted the 175 days from my release date based on the 1st step Act.

Therefore im requesting that the BOP deduct 175 days of Good time from my (PRD) February 2, 2022 based the 1st step Act which now requires that i receive the full 54 days of Good time credit

__12-3-19__　　see BP-9 Attached　　__/s/ James Remington__
　DATE　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

[RECEIVED stamp: DEC 23 2019 REGIONAL DIRECTOR'S OFFICE NORTH CENTRAL REGION]

_____　　　　　　　　　_____
　DATE　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE　　　　　　　　CASE NUMBER: __995122-R1__

**Part C - RECEIPT**
　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____　_____　_____　_____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG NO.　　UNIT　　INSTITUTION
SUBJECT. _____

_____　　　　　　　　　　_____
　DATE　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN　　　　PRINTED ON RECYCLED PAPER　　　　　　　　　　　　BP-230(13)　JUNE 2002

**U.S. Department of Justice**             **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _____
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** I'm filing to this central office because the warden or regional office havent address my concerns of recalculating my sentence computation accordance with the first step Act (FSA). Before the 1st step Act Prisoners was only being giving 47 days of Good Conduct time for each year of their sentence. The first step Act signed into law on December 21, 2018 now requires that I receive the full 54 days of Good time for each year of my 25 year sentence. My (PRD) is February 2, 2022 but with the 7 days of Good time for each year of my 25 year sentence totaling 175 days deduction from my (PRD) February 2, 2022 sentence will put my (PRD) in July of 2021. But the BOP havent deducted the 175 days from my release date yet accordance with the first step Act.

Therefore im once again requesting that the BOP deduct the 175 days of Good time credit from my current February 2, 2022 release date now required based on the first step Act.

See BP-9 and BP-10 attached

_____  _____
DATE                  SIGNATURE OF REQUESTER

**Part B - RESPONSE**

SIG
IRQ>13
RAP>13
RSP

RECEIVED
FEB 26 2020
dy Section
Prisons

_____  _____
DATE                  GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _995122-A1_

**Part C - RECEIPT**                  CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO     UNIT     INSTITUTION
SUBJECT: _____

_____  _____
DATE                  SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN        PRINTED ON RECYCLED PAPER        BP-231(13) JUNE 2002

BP-229 Response                                                Case Number: 995122-F2

Your Request for Administrative Remedy dated November 1, 2019, and received in the Administrative Remedy office November 13, 2019, has been reviewed. Specifically, you claim your release date should be updated as required by the First Step Act. Further, you claim after your release date is changed you will be eligible for Residential Reentry Center (RRC) placement. As relief, you request to have your full 54-days of good time added to your sentence computation and for your Unit Team to begin considering you for RRC placement.

A review of the issue raised in your Request for Administrative Remedy has been conducted. The results of the review revealed the Designations Sentence and Computation Center has updated your good conduct time days with a projected release date (PRD) of February 2, 2022. Additionally, your case manager will begin your consideration for RRC placement when you are 17-19 months to your PRD.

Accordingly, this response to your request for Administrative Remedy is for informational purposes only. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prison, North Central Regional Officer, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

B. True, Complex Warden                        12/2/19
                                               Date

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 995122-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on December 23, 2019, in which you request your current sentence computation be recalculated in accordance with the First Step Act (FSA). Also, you request consideration for RRC placement pursuant the FSA.

We have reviewed your appeal and the Warden's response dated December 2, 2019. The Second Chance Act of 2007 (the Act) allows the Bureau of Prisons to consider all inmates for RRC placement for a maximum of up to 12 months. According to criteria identified in the Act, pre-release RRC placement decisions must be made on an individual basis in every inmate's case. Among the criteria staff consider are the factors contained in 18 U.S.C. 3621(b), which include the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate), and any pertinent policy statement issued by the Sentencing Commission.

As stated in the Warden's response, the Designations Sentence and Computation Center has updated your good conduct time days with a projected release date of February 2, 2022. As such, your case will be evaluated 17-19 months prior to your release date to determine if you warrant RRC placement or home confinement utilizing the five criteria under the eligibility provisions of the Act. You are encouraged to work closely with your unit team, during those time frames, to provide any information relevant for the Second Chance Act review and the First Step Act.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_1-13-2020_
Date

J. E. Krueger, Regional Director

```
  FLMHR           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     03-09-2020
 PAGE 006 OF 006 *           SANITIZED FORMAT                  *       14:23:44
   REMEDY-ID    SUBJ1/SUBJ2    ------------------ABSTRACT------------------
                RCV-OFC        RCV-FACL      DATE-RCV        STATUS     STATUS-DATE

  995122-F2     13GM/13ZM     RQSTS NEW SENTENCE COMPUTATION; FIRST STEP ACT
                FLM            FLM          11-13-2019       CLO         12-03-2019

  995122-R1     13GM/13ZM     RQSTS NEW SENTENCE COMPUTATION; FIRST STEP ACT
                NCR            FLM          12-23-2019       CLO         01-13-2020
```

> Wise just bullshited me with this after 10 days of time gone. I had to request this to find out my BP-11 was missing.

```
                   26 REMEDY SUBMISSION(S) SELECTED
  G0000            TRANSACTION SUCCESSFULLY COMPLETED
```

> He said "10 days ago" the office where I have to go is locked up all this week."
> Trying to get my BP-11 receipt

*see continuation page*

# FEDERAL CORRECTIONAL COMPLEX
## FLORENCE, COLORADO
### INFORMAL RESOLUTION FORM

<u>Notice to Inmate:</u> *Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.*

Inmate Name: James Remington           Reg. No.: 80124-038

Unit: Fox                               Date: March 10, 2020

<u>NOTICE TO INMATE:</u> Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), <u>you must attempt to informally resolve your complaint</u> through your Correctional Counselor. Please follow the steps listed below:

1. State your complaint (single complaint or a reasonable number of closely related issues):
   For the past 10 days and counting I have been requesting the receipt for Remedy # 995122-A1 from my counselor Mr Weise from the central office pretaining to the first step act and my GCT and the central office response due date to my BP-11. My counselor continues to inform me that the central office has been locked

   (If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: That i receive the receipt for Remedy ID # 995122-A1 from the central office from my counselor Mr Weise so that i can prepare for court.

Inmate's Signature: *James Remington*        Date: March 10, 2020

Counselor's Signature: *[signature]*         Date: 3 11 20

Department Involved: _____    Date Assigned: _____    Due Date: _____

Department's Response regarding Complaint: When central office inputs the remedy the counselors will print off receipt for you.

Department Head Signature: _____           Date: _____
Unit Manager's Review: *[signature] am*     Date: 3/11/20
Informally Resolved: _____                 Date: _____

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 3 10 20 | 3 11 20 | 3-13-20 | | |
| TIME | | | | | |
| COUNSELOR | *[sig]* | *[sig]* | *[sig]* | | |

FCC 1330.18C          Administrative Remedy Program          Attachment 1

Continuation Page

down but the central office being locked down doesnt make any sense. All im asking for is a receipt for remedy ID number 995122-A1 from the counselor from the central office showing the central office response due date to my BP-11 that I turned in to counselor weise. And this shouldnt be hard to obtain



Name: T. Bernier
Reg No: 20748-032
U.S. Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226-8500

Office of Clerk
US - District Court
Alfred A. ARRAJ Courthouse
901-19th St. Room A105
Denver Co. 80294-3589



FEDERAL PRISON CAMP
P.O. BOX 5000
FLORENCE, COLORADO 81226

DATE: 4/3/20

"SPECIAL LEGAL MAIL"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or a problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.