IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00999-GPG

JAMES B. REMINGTON,

    Applicant,

v.

BUREAU OF PRISONS,

    Respondent.

---

ORDER TO FILE PRELIMINARY RESPONSE

---

Applicant James B. Remington is in the custody of the federal Bureau of Prisons in Florence, Colorado. On April 8, 2020, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1)[1] and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2). On May 18, 2020, he paid the filing fee (ECF No. 5).

In the Application (ECF No. 1), Applicant alleges Respondent is not correctly applying the First Step Act to the calculation of his release date.

As part of the preliminary consideration of the Application (ECF No. 1), and pursuant to *Redmon v. Wiley*, 550 F. Supp. 2d 1275 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

---

[1] "(ECF No. _)" is the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic filing system (CM/ECF).

District Courts to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies.  If Respondent does not intend to raise the affirmative defense of exhaustion of administrative remedies, Respondent must notify the Court of that decision in the Preliminary Response.  Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits copies of any administrative grievances Applicant has filed raising the issues asserted in the Application, as well as any responses to those grievances.  Applicant may reply to the Preliminary Response and provide any information that might be relevant to his efforts to exhaust administrative remedies.

Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent does not intend to raise the affirmative defense of exhaustion of administrative remedies, Respondent must notify the Court of that decision in the Preliminary Response.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2) is DENIED as moot, due to payment of the filing fee (ECF No. 5).

DATED May 20, 2020.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge

DATED May 20, 2020.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge